** THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OPINION, WHICH ADDRESSES, IN EFFECT, THE FOLLOWING QUESTION:
 DO TAX EXEMPTIONS BY THE OKLAHOMA TAX COMMISSION TO RELIGIOUS ORGANIZATIONS VIOLATE THE FIRST AMENDMENT OF THE U.S. CONSTITUTION?
ATTORNEY GENERAL LOVING HAS DIRECTED ME TO RESPOND TO YOUR RECENT LETTER POSING THIS QUESTION. ALTHOUGH WE CANNOT ISSUE AN OFFICIAL ATTORNEY GENERAL'S OPINION ON THIS MATTER, I BELIEVE I CAN ASSIST YOU BY PROVIDING YOU WITH THE APPLICABLE LAW. THE VIEWS EXPRESSED IN THIS LETTER ARE,-OF COURSE, THOSE OF THE UNDERSIGNED AND SHOULD NOT BE CONSTRUED AS REFLECTING THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
CASES DEALING WITH RELIGIOUS FREEDOM ARE OFTEN COMPLEX, AND FREQUENTLY INVOLVE SPLIT DECISIONS OF THE COURTS WHO DECIDE THEM. HOWEVER, THE STATE TAX EXEMPTION QUESTION WAS DECIDED BY THE U.S. SUPREME COURT IN 1970, AND HAS NOT BEEN OVERTURNED OR MODIFIED. I AM ENCLOSING A COPY OF THAT CASE, WALZ V. CITY OF NEW YORK, 397 U.S. 664, 25 L.ED.2D 697, 90 S.CT. 1409 (1970), FOR YOUR INFORMATION. IN THAT CASE, IT WAS HELD THAT NEW YORK STATE'S STATUTORY TAX EXEMPTIONS TO RELIGIOUS ORGANIZATIONS DID NOT VIOLATE THE CONSTITUTION BECAUSE NEW YORK WAS NOT "ESTABLISHING" A RELIGION, AND THE EFFECT OF THE EXEMPTION WAS NOT EXCESSIVE GOVERNMENT INVOLVEMENT IN RELIGION. I HAVE HIGHLIGHTED WHAT I BELIEVE ARE PERTINENT PASSAGES FROM THE HOLDING OF THE COURT. YOU MIGHT BE INTERESTED IN READING THE OPINION OF JUSTICE DOUGLAS AT PAGE 719 OF THE ENCLOSED MATERIAL, WHICH WAS THE LONE DISSENT IN THE CASE.
(A. DIANE HAMMONS)